# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER D. CRIPE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-cv-1119-JPG ) |
| UNKNOWN PARTY, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In *Cripe v. Glidden*, Case No. 17-cv-745-JPG (S.D. Ill. Oct. 18, 2017), Plaintiff Tyler Cripe, a detainee in Fayette County Jail ("Fayette"), brought suit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), a First Amendment access to courts claim based on inadequate law library access and a First Amendment retaliation claim for locking Plaintiff in a library were severed from that initial action to form the basis for this action, Case No. 17-cv-1119-JPG. (Doc. 1)

The claims did not survive threshold review under 28 U.S.C. § 1915A and were dismissed on November 8, 2017 for failure to state a claim upon which relief may be granted. (Doc. 7). The dismissal was without prejudice to Plaintiff filing an amended complaint on or before December 6, 2017. *Id.* That deadline has now passed. Plaintiff has not filed an amended complaint. He also has failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court and failure to prosecute. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, because the severed claims failed to state a claim upon which relief may be granted, this

dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 13, 2017**

                                              **s/ J. PHIL GILBERT**
                                              **J. PHIL GILBERT**
                                              **United States District Judge**